IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JEFFREY L. JOHNSON | * | |
| Plaintiff, | | |
| v. | * | CIVIL ACTION NO. L-06-350 |
| | | ( ███████ ) |
| INTERNAL REVENUE SERVICE | * | |
| APPEALS OFFICE | | |
| Defendant. | * | |

## MEMORANDUM

Plaintiff Jeffrey L. Johnson ("Johnson") claims that the Internal Revenue Service ("IRS") is attempting to collect from his personally the unpaid payroll taxes owed by his former employer. He asks the Court to stop the IRS from pursuing its collection activities. The IRS has not yet filed an Answer to the Complaint, and no discovery has been taken. Pending are (i) Johnson's Motion for a "Stop Order," and (ii) the IRS's Motion to Substitute United States as Defendant and For More Definite Statement. For the following reasons, the Court will, by separate Order, (i) DENY Johnson's motion IN PART AS MOOT, (ii) GRANT the IRS's motion IN PART, and (iii) ORDER additional briefing.

**I.   Johnson's Motion for a "Stop Order"**

**A.   Background**

Johnson claims that the IRS placed a levy on his wages and filed a lien on his family's home, and he asks the Court to prohibit the IRS from pursuing these measures until this case has been resolved. In response to Johnson's motion, the IRS released the levy on Johnson's wages, recognizing that, pursuant to 26 U.S.C. § 6330(e), collection activities are to be stayed during a plaintiff's appeal of the IRS's determination that proposed collective activities are proper.

C/M CHAMBERS   /o  3o  oL

Regarding the lien on Johnson's home, the IRS confirmed that it filed a notice of Federal tax lien on the home on June 12, 2006, four months after this case was filed. The IRS argues, however, that, pursuant to 26 U.S.C. § 6321, a federal tax lien arises as a matter of law after a taxpayer refuses to pay after a notice and demand for payment has issued. The IRS states that the filing of a tax lien is not a collection activity; rather, it simply notifies creditors that the United States has a lien on the taxpayer's property. Therefore, in the IRS's view, the lien is proper and may remain in place during the pendency of this action.

**B.     Analysis**

   **1.     Levy on Johnson's Wages**

The IRS has released the levy. Accordingly, the Court will DENY AS MOOT Johnson's motion as it pertains to the levy.

   **2.     Lien on Johnson's Home**

The IRS concedes that Section 6330(e) prohibits collection activities during the instant lawsuit. The IRS broadly asserts that the filing of a tax lien does not constitute a collection activity and, therefore, is not prohibited during the pendency of this lawsuit. The IRS, however, has not cited to any legal authority in support of its position. Moreover, the Court notes that Section 6320 of the Tax Code, which discusses procedures that the IRS must follow when filing a tax lien, incorporates Section 6330(e). See 26 U.S.C. § 6320(c).

On or before November 20th, the IRS shall FILE a supplemental brief in support of its position. The IRS's brief shall cite to relevant legal authority and shall specifically address the significance of the fact that Section 6320 incorporates Section 6330(e). On or before December 11th, Johnson may, if he chooses, file a response.

II.   **IRS's Motion to Substitute United States as Defendant and For More Definite Statement**

A.   **Request to Substitute United States as Defendant**

In a one-paragraph discussion, the IRS, relying upon Blackmar v. Guerre, 342 U.S. 512 (1952), contends that the IRS is not a proper party defendant because a federal agency cannot be sued in its own name.  The Court, however, has located case law stating that (i) the Blackmar case was superseded by an amendment to the Administrative Procedure Act ("APA"), (ii) the amendment allows for suit against a federal agency, and (iii) Blackmar, therefore, is no longer good law.  See Weiner v. Drug Enforcement Admin., 1991 WL 221088, at *2 (S.D.N.Y. 1991); Sarit v. Drug Enforcement Admin., 759 F. Supp. 63, 69 (D.R.I. 1991).  The IRS has not addressed, much less recognized, the cases calling the Blackmar holding into question.

Accordingly, on or before November 20th, the IRS shall FILE a supplemental brief, which shall (i) discuss whether the APA applies to this case, and (ii) explain (with a citation to relevant legal authority) why, despite the cases stating that Blackmar is no longer good law, the IRS believes that it is incapable of being sued by Johnson.  On or before December 11th, Johnson may, if he so chooses, file a response brief.

B.   **Motion for More Definite Statement**

Johnson's Complaint contains a four-paragraph, single-spaced narrative and incorporates a three-page letter that Johnson wrote to the IRS Appeal Office in August 2005.  Because the Complaint does not set forth Johnson's claims in numbered paragraphs, the IRS has found it difficult to prepare an Answer.  Accordingly, the IRS asks the Court to order Johnson to file an amended complaint.

3

In his response brief, Johnson re-stated his Complaint in sixteen numbered paragraphs. (See Docket No. 15 at 3-13.) The Court deems these sixteen numbered paragraphs as Johnson's Amended Complaint and will order the IRS to answer them accordingly. The IRS will not, however, be required to respond to any questions posed by Johnson in the numbered paragraphs, as those questions do not constitute allegations to which a response is required.

Accordingly, the Court will, by separate Order, GRANT the IRS's Motion for More Definite Statement and DEEM the sixteen numbered paragraphs in Docket No. 15 as Johnson's Amended Complaint. After the Court determines whether the IRS is the proper defendant, the Court will set a deadline for the filing of an Answer.

### III. Conclusion

For the above reasons, the Court will, by separate Order, (i) DENY Johnson's motion IN PART AS MOOT, (ii) GRANT the IRS's motion IN PART, and (iii) ORDER additional briefing.

It is so ORDERED this 30th day of October, 2006.

Benson Everett Legg
Chief Judge