IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JEFFREY L. JOHNSON                *
           Plaintiff,
        v.                     *   CIVIL ACTION NO. L-06-350

INTERNAL REVENUE SERVICE     *
 APPEALS OFFICE
           Defendant.       *

**<u>MEMORANDUM</u>**

Plaintiff Jeffrey L. Johnson ("Johnson") claims that the Internal Revenue Service ("IRS") is attempting to collect from him personally the unpaid payroll taxes owed by his former employer. He seeks monetary damages, a tax refund, and an injunction against future tax collection activities.  The IRS has not yet filed an Answer to the Complaint, and no discovery has been taken.

Pending are (i) Johnson's Motion for a "Stop Order," (ii) the IRS's Motion to Substitute United States as Defendant, and (iii) Johnson's Motion Requesting a Deadline for Filing the Answer.  For the following reasons, the Court will (i) DENY Johnson's Motion for a "Stop Order," without prejudice to re-filing if the IRS takes steps to collect on the lien placed on Johnson's home, (ii) GRANT the IRS's Motion to Substitute United States as Defendant, and (iii) GRANT Johnson's Motion Requesting a Deadline for Filing the Answer.

I.     **Background**

In a Memorandum and Order dated October 30, 2006, the Court previously discussed the Motion for a "Stop Order" and the IRS's Motion to Substitute United States as Defendant.  The Court ruled as follows:

(i)      the Court denied as moot Johnson's Motion for a "Stop Order," as it pertains to the levy on his wages, and held the remainder of the Motion in abeyance pending the receipt of supplemental briefing;

(ii)     the Court granted the IRS's Motion for a More Definite Statement, and held its Motion to Substitute United States as Defendant in abeyance pending the receipt of supplemental briefing;

(iii)    the Court deemed the sixteen numbered paragraphs in Johnson's response brief (Docket No. 15) as his Amended Complaint; and

(iv)    the Court ordered supplemental briefing, as follows:

        (a)    ordered the IRS to file a supplemental brief in further support of its positions that (a) it is permitted to have a lien on the Johnson family home during the pendency of this lawsuit, and (b) the IRS is not the proper defendant, and

        (b)    stated that Johnson may file a supplemental response brief, if he so chooses.

The IRS has filed the requested briefing.  Johnson did not file a supplemental response brief.  On April 19, 2007, however, Johnson filed a motion asking the Court to set a thirty-day deadline for the IRS to file an Answer to the Amended Complaint.   The Court will address each pending motion in turn.

## II.    Analysis

### A.    Johnson's Motion for a "Stop Order"

Johnson claims that the IRS placed a levy on his wages and filed a lien on his family's home, and he asks the Court to prohibit the IRS from pursuing these measures until this case has been resolved.  In response to Johnson's motion, the IRS released the levy on Johnson's wages, recognizing that, pursuant to 26 U.S.C. § 6330(e), collection activities are to be stayed.

Regarding the lien on Johnson's home, the IRS confirmed that it filed a notice of Federal tax lien on the home on June 12, 2006, four months after this case was filed.  The IRS argues,

however, that, pursuant to 26 U.S.C. § 6321, a federal tax lien arises as a matter of law after a taxpayer refuses to pay after a notice and demand for payment has issued.  The IRS states that the filing of a tax lien is not a collection activity; rather, it simply notifies creditors that the United States has a lien on the taxpayer's property.  Therefore, in the IRS's view, the lien is proper and may remain in place during the pendency of this action.  The IRS, however, did not cite to any legal authority in support of its position.  Accordingly, the Court asked the IRS to provide authority.

In its supplemental brief, the IRS cited to several legal sources in support of its position.  First, the IRS noted that 26 U.S.C. § 6330(e)(1) provides only for suspension of a levy or proceeding to collect tax liabilities.  It says nothing about prohibiting the filing of notice of a lien.  Second, the IRS cited to an opinion from the United States Tax Court stating that § 6320, which governs the filing of a notice of a tax lien, and § 6330, which governs levies, do not prohibit the IRS from filing a notice of a federal tax lien during a pending case.[1]  Beery v. Commissioner, 122 T.C. 184, 190 (2004).  Johnson has not cited to any authority to the contrary.  Accordingly, the Court will DENY Johnson's motion.  If, however, during the pendency of this lawsuit the IRS takes steps to collect on the lien placed on Johnson's home, Johnson may renew his motion.

---

[1] Johnson is proceeding pro se, and it is clear from his papers that he is not conversant in this area of the law.  Because the case is in its early stages, the IRS has not provided a complete description of the events leading up to this lawsuit or the exact nature of the lawsuit.  Although it is clear that Johnson seeks monetary damages, a tax refund, and an injunction against future tax collections, it is not clear whether his case is properly considered an appeal from the decision of the IRS Appeals Office.  As discussed herein, the Court will substitute the United States as the defendant in this case.  The United States shall be prepared to address these matters after it files its Answer to Johnson's Amended Complaint.

3

**B.     IRS's Motion to Substitute United States as Defendant**

In its initial brief, the IRS, relying upon <u>Blackmar v. Guerre</u>, 342 U.S. 512 (1952),

claimed that the IRS is not a proper party defendant because a federal agency cannot be sued in

its own name.  The Court, however, located case law stating that (i) the <u>Blackmar</u> case was

superseded by an amendment to the Administrative Procedure Act ("APA"), (ii) the amendment

allows for suit against a federal agency, and (iii) <u>Blackmar</u>, therefore, is no longer good law.  <u>See</u>

<u>Weiner v. Drug Enforcement Admin.</u>, 1991 WL 221088, at *2 (S.D.N.Y. 1991); <u>Sarit v. Drug</u>

<u>Enforcement Admin.</u>, 759 F. Supp. 63, 69 (D.R.I. 1991).  The IRS had not addressed the cases

calling the <u>Blackmar</u> holding into question.

Accordingly, the Court ordered the IRS to file a supplemental brief that (i) discusses

whether the APA applies to this case, and (ii) explains (with a citation to relevant legal authority)

why, despite the cases stating that <u>Blackmar</u> is no longer good law, the IRS believes that it is

incapable of being sued by Johnson.  The IRS has complied with this Court's Order and has

cited, to the Court's satisfaction, legal authority demonstrating that the APA does not apply to

this case and that the IRS is not a proper defendant in this suit.

In this lawsuit, Johnson seeks monetary damages, a $6,236.98 tax refund, and an

injunction prohibiting further tax collections.  (<u>See</u> Docket No. 15, Amended Complaint.)  Tax

refund suits are <u>de</u> <u>novo</u> proceedings.  <u>See</u> <u>Rupert v. United States</u>, 225 F.R.D. 154, 157 (M.D.

Pa. 2004); <u>Vons Cos. v. United States</u>, 51 Fed. Cl. 1, 5 (2001).  As such, they are not governed

by the APA.[2]  5 U.S.C. § 554(a)(1) (stating that the APA does not apply to "a matter subject to a

---

[2]     Moreover, Johnson cannot sue under the APA for an injunction prohibiting federal tax
collection.  <u>Ross v. United States</u>, 460 F. Supp. 2d 139, 149 (D.D.C. 2006) ("[A]n action brought
under the APA is barred if it concerns the assessment or collection of federal taxes." (quoting

subsequent trial of the law and the facts de novo in a court"); Rintoul v. Commissioner of Internal Revenue, 1992 WL 20296, at *2 (U.S. Tax Ct. Feb. 10, 1992) (citing § 554(a)(1) for proposition that the APA does not apply to de novo proceedings), aff'd, 15 F.3d 1088 (9th Cir. 1994).  Moreover, according to statute, a tax refund suit may be maintained only against the United States.  See 26 U.S.C. § 7422(f)(1) (stating that a suit to recover a sum alleged to have been wrongfully collected "may be maintained only against the United States").  Accordingly, the Court will, by separate Order, GRANT the IRS's motion and SUBSTITUTE the United States for the IRS as the defendant in this case.  See Makinde v. IRS, 2006 WL 3068671, n. 1 (D. Md. Sept. 19, 2006) (citing 26 U.S.C. § 7422(f)(1) and substituting the United States for the IRS).

### C.    Johnson's Motion Requesting Deadline for Filing Answer

Johnson asks the Court to set a thirty-day deadline for the IRS to file an Answer to his Amended Complaint.  The Court will GRANT Johnson's motion and require the United States (as the defendant substituted in place of the IRS) to file an Answer within thirty days from the date of this Memorandum.

## III.   Conclusion

For the above reasons, the Court will, by separate Order, (i) DENY Johnson's Motion for a "Stop Order" (Docket No. 7), without prejudice to re-filing if the IRS takes steps to collect on the lien placed on Johnson's home, (ii) GRANT the IRS's Motion to Substitute United States as

---

McGuirl v. United States, 360 F. Supp. 2d 129, 132 (D.D.C. 2004), aff'd, 167 Fed. Appx. 808 (D.C. Cir. 2005))).

Defendant (Docket No. 13), and (iii) GRANT Johnson's Motion Requesting a Deadline for

Filing the Answer (Docket No. 19).


Dated this 1st day of May, 2007.

                                    _____/s/_____
                                    Benson Everett Legg
                                    Chief Judge