IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JEFFREY L. JOHNSON, | : | |
| Plaintiff, | : | |
| v. | : | |
| UNITED STATES OF AMERICA, | : | Civil Action No.: L-06-350 |
| Defendant/Third-Party Plaintiff, | : | |
| v. | : | |
| PHILLIP WRIGHT, | : | |
| Third-Party Defendant | : | |

o0o
**MEMORANDUM**

Now before the Court are Plaintiff Jeffrey Johnson's Motion for Ruling and Motion to Suspend Garnishment and Collection Actions, as well the United States' Motion for Disposition Order. The Court has carefully reviewed the papers and no hearing is deemed necessary. See Local Rule 105.6 (D. Md. 2010). For the reasons stated herein, the Court will, by separate Order of even date, DENY Johnson's Motion for Ruling, DISMISS AS MOOT Johnson's Motion to Suspend Garnishment and Collection Actions, and GRANT the United States' Motion for Disposition Order.

I.    BACKGROUND

This action was originally brought by Johnson, seeking a declaratory judgment that he is not personally liable for certain unpaid trust fund taxes. On March 27, 2009, the United States

1

moved for summary judgment against Johnson. On March 30, 2009, the Court sent Johnson a Rule 56 letter, instructing him to respond to the United States' motion within 17 days. Docket No. 71. The letter informed Johnson that if he failed to respond within the time allotted, summary judgment could be entered against him and his case dismissed. On June 1, 2009, approximately two months later, Johnson filed a notice indicating that he would be filing his response, as well as his own motion for summary judgment, within 30 days. Docket No. 73.

No such filing was ever received, and on January 14, 2010, approximately nine months after the deadline for Johnson's response, the Court awarded summary judgment in favor of the United States. Relying only on those facts admitted by Johnson, the Court found that he was a "responsible person" under a duty to collect, account for, and pay over trust fund taxes within the meaning of 26 U.S.C. § 6672, that he willfully failed to discharge this duty, and that as such he was personally liable for unpaid payroll taxes withheld by his former employer, ISSI.[1] A judgment was entered against Johnson in the amount of $1,005,906.01, plus interest, and the case was closed.

To enforce the judgment, the United States subsequently moved for the issuance of a writ of garnishment to Johnson's current employer, J.G. Townsend, Jr. & Co. Frozen Foods, Inc. The writ issued on July 26, 2010. On August 9, 2010, almost seven months after the entry of summary judgment, Johnson filed a Motion to Suspend Garnishment and Collection Actions, as well as a "Motion for Ruling." Docket Nos. 81 and 82. The United States filed its responses and, on September 14, 2010, also filed a Motion for Disposition Order, asking that the Court

---

[1] Johnson was the Director of Finance for Information Systems Solutions International, Inc. ("ISSI"), a now-defunct government contracting and consulting firm.

order J.G. Townsend to withhold and remit to the government 10% of Johnson's net weekly pay until such time as the judgment against him is satisfied. Docket No. 87.

## II. MOTION FOR RULING

Reduced to its relevant content, Johnson's Motion for Ruling is essentially a lengthier recitation of the claims and defenses in his Amended Complaint. See Docket No. 15. It requests relief in the form of an injunction ordering the United States to cease all collection efforts against Johnson for ISSI's unpaid taxes, the return of all such taxes heretofore collected from Johnson, and monetary damages for the "pain and suffering caused by the recklessness [sic] actions" of the United States. Because this case had been officially closed for almost seven months at the time of Johnson's filing, and because Johnson has filed no notice of appeal,[2] the Court will construe his motion as one for relief from a final judgment under Fed R. Civ. Pro. 60(b).[3]

It is a well settled principle of law that a Rule 60(b) motion is not a substitute for a timely and proper appeal. See Ackermann v. United States, 340 U.S. 193, 198 (1950). Therefore, before a party may seek relief under Rule 60(b), a party first must show "timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." Hale v. Belton Assoc., Inc., 305 Fed. Appx. 987, 988 (4th Cir. 2009) (quoting Dowell v. State Farm Fire & Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993)). After a party

---

[2] Any such appeal would be untimely in any case. See Fed. R. App. Pro. 4(a)(1)(B).
[3] Johnson's Motion for Ruling is dated June 23, 2009, with a handwritten note indicating "Resubmitted 8/6/2010." Johnson claims, in his instant Motion to Suspend Garnishment and Collection Actions, to have filed the Motion for Ruling originally in June of 2009. Presumably, this would have been intended as the "Motion for Summary Judgment" promised in Johnson's letter to the Court of May 29, 2009. See Docket No. 73. Since no record of any such filing exists, and since Johnson has presented no evidence in this regard, the Court must find that the Motion for Ruling was first submitted on August 9, 2010, as reflected on the docket. Even had the motion been submitted as Johnson claims, it would still have been more than two months delinquent. The Court finds equally incredible Johnson's assertion, likewise contained in the instant Motion to Suspend Garnishment and Collection Actions, that as of July 2010, "[p]laintiff was unaware the Court had issued a Summary Judgment."

has crossed this initial threshold, he then must satisfy one of the six specific sections of Rule 60(b). Dowell, 993 F.2d at 48.

First, Johnson's motion is not timely. Rule 60(b) motions must be brought "within a 'reasonable time' and the movant must make the showing of timeliness." Werner v. Carbo, 731 F.2d 204, 206–07 (4th Cir. 1984). Johnson has made no such showing, and has offered no cognizable explanation for his seven-month delay. The Fourth Circuit has repeatedly held that Rule 60(b) motions are not timely brought when made "three to four months after the original judgment and no valid reason is given for the delay." See McLawhorn v. John W. Daniel & Co., 924 F.2d 535, 538 (4th Cir. 1991) and cases cited therein.

Second, the motion establishes no meritorious defense. A meritorious defense requires a proffer of evidence which would permit a finding for the defaulting party or which would establish a valid counterclaim. Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808 (4th Cir. 1988) (citing Central Operating Co. v. Utility Workers of America, 491 F.2d 245, 252 n. 8 (4th Cir. 1974); Williams v. Blitz, 226 F.2d 463 (4th Cir. 1955)). Johnson's motion introduces no new relevant evidence and makes no arguments not already considered by the Court at the summary judgment stage. It is thus necessarily incapable of supporting a finding in his favor.

Third, Johnson claims no exceptional circumstances and indeed, as discussed above, has presented no excuse whatsoever. The impetus for his filing appears to have been the impending garnishment of his wages, which in turn was the natural and foreseeable consequence of his failure to respond to the United States' summary judgment motion in a suit that he himself commenced.

Failure on any one of the above prongs is fatal, and given the foregoing the Court finds no need to engage in an inquiry as to the nature and extent of any prejudice to the United States. Johnson's Motion for Ruling, seeking relief from the Court's earlier judgment, must be denied.

### III.   MOTION TO SUSPEND GARNISHMENT AND COLLECTION ACTIONS

Johnson's second motion asks the Court to "order the Defendant to suspend all garnishment and collection activities against the Plaintiff, while the Plaintiff resubmits the originally filed 'Plaintiff's Motion for Ruling' to the Court, for the Court's review in this matter." Docket No. 81 at 2. The Court reads this as a request to suspend the Writ of Garnishment until such time as Johnson's Motion for Ruling is decided. Since the Court considers both motions contemporaneously, the Motion to Suspend Garnishment and Collection Actions must be dismissed as moot.

### IV.   MOTION FOR DISPOSITION ORDER

The United States' Motion asks that the Court order garnishee J.G. Townsend Jr. & Co. Frozen Foods, Inc., to turn over a portion of the wages it pays Johnson equal to 10% of his weekly earnings, net of deductions required by law. The United States may garnish a judgment debtor's interest in property to satisfy a judgment, and generally speaking 25% of a debtor's disposable earnings are non-exempt. 28 U.S.C. § 3205(a); 28 U.S.C. § 3002(9). "Disposable earnings" is defined as "that part of earnings remaining after all deductions required by law have been withheld." 28 U.S.C. § 3002(5). Thus though it seeks only 10% of Johnson's net wages in this case, the United States is entitled to garnish up to 25%. See United States v. Hanhardt, 353

F. Supp. 2d 957, 960 (N.D. Ill. 2004); United States v. George, 144 F. Supp. 2d 161, 164–65 (E.D.N.Y. 2001); United States v. Kaye, 93 F. Supp. 2d 196, 197–98 (D. Conn. 2000).

To contest a garnishment, the judgment debtor must file an objection within 20 days of receiving the garnishee's answer, and bears the burden of proving that the proposed garnishment is inappropriate. 28 U.S.C. § 3205(c)(5). In this case, J.G. Townsend served its answer on Johnson on August 12, 2010. Johnson has filed no objection as such, though the two motions now before the Court, filed on August 9, 2010, might conceivably be construed as objections. The Motion to Suspend Garnishment and Collection Actions, however, contains nothing more than Johnson's assertions that he was unaware of any development in this case since early June 2009 and a prayer for relief, and the Motion for Ruling attacks not the appropriateness of the proposed garnishment but the underlying finding of liability. The deadline to respond to the United States' Motion for Disposition Order was October 1, 2010, and again no response has been received. If the judgment debtor does not object, "the court shall promptly enter an order directing the garnishee as to the disposition of the judgment debtor's nonexempt interest in such property." 28 U.S.C. § 3205(c)(7). The Motion will therefore be granted, and the Court will issue a disposition order directing J.G. Townsend to remit 10% of Johnson's net wages, calculated with reference only to those deductions required by law.

## V. CONCLUSION

For the foregoing reasons, the Court will, by separate Order:

1. DENY Johnson's "Motion for Ruling" (Docket No. 82);
2. DISMISS AS MOOT Johnson's Motion to Suspend Garnishment and Collection Actions (Docket No. 81); and

3. GRANT the United States' Motion for Disposition Order (Docket No. 87).


Dated this 28th day of October, 2010.

>                      /s/
> Benson Everett Legg
> United States District Judge