IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JEFFREY L. JOHNSON,
    *Plaintiff*,

v.

UNITED STATES OF AMERICA,
    *Defendant/Third-Party Plaintiff,*

v.

PHILIP WRIGHT,
    *Third-Party Defendant.*

Civil Action No. ELH-06-350

**MEMORANDUM**

    The self-represented plaintiff, Jeffrey Johnson, has asked the Court to order the Internal Revenue Service ("IRS") and the Department of Justice ("DOJ") to "cease and desist" collection on a debt in excess of $1,000,000, owed by Johnson to the United States, arising from unpaid corporate payroll taxes in 1998 and 1999. *See* ECF 92 (the "Motion"). Johnson claims that he "is in his sixteenth (16th) year of having his wages garnished, 1040 refunds seized and/or tax liens on his personal credit report . . . ." *Id.* Further, he argues that a ten-year statute of limitations period has expired, requiring the IRS and the DOJ to cease collection as to the debt. *Id.*

    The Government opposes the Motion. *See* ECF 94. Johnson has replied (ECF 95), and he has submitted several exhibits. *See* ECF 95-1 (an accounting of Johnson's garnishment, dated November 19, 2012); ECF 95-2 (email correspondence between Johnson and Katherine Reinhart, a DOJ attorney, from November 22, 2017, through February 14, 2018); ECF 95-3

(letter from Johnson to Reinhart, dated November 22, 2017).

This case was originally assigned to Judge Benson E. Legg, who has since retired. It was reassigned to me on February 26, 2018. *See* Docket. No hearing is necessary to resolve the Motion. *See* Local Rule 105.6. For the reasons that follow, I shall deny the Motion.

## Background[1]

In an Order docketed January 14, 2010 (ECF 75), Judge Legg granted summary judgment to the United States, in the amount of $1,005,906.01, plus interest. Judge Legg recounted the relevant facts in his Memorandum of the same date. *See* ECF 74.

In 1997, Johnson, an accountant, began working as the Director of Finance for the now defunct Information Systems Solutions International, Inc. ("ISSI"). *See* ECF 74 at 3-4. During the fourth quarter of 1998 and the first three quarters of 1999, ISSI failed to remit to the government the federal income, social security, and medicare taxes it was required to withhold from its employees' wages. *Id.* at 4. Johnson acknowledged that he knew that ISSI had failed to pay those taxes. *Id.*

Given ISSI's failure to pay federal taxes, on May 19, 2003, the IRS applied trust fund recovery penalty assessments ("TFRP Assessments") against Johnson in the amount of $1,005,906.01. *See* ECF 74 at 5. The IRS initiated the TFRP Assessments pursuant to 26 U.S.C. § 6672. *See id.*

In 2006, Johnson filed suit against the IRS in this Court, seeking a declaratory judgment that he was not personally liable for the taxes that ISSI had failed to remit. *See id.* at 1; *see also*

---

[1] The Court is mindful of its obligation to construe liberally the filings of a pro se litigant, which are held to less stringent standards than filings drafted by an attorney. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989).

ECF 1; ECF 15 (Amended Complaint); ECF 17 (Order of October 30, 2006, deeming the "sixteen numbered paragraphs" in ECF 15 as Johnson's Amended Complaint).[2] By Order of May 1, 2007 (ECF 21), the Court substituted the United States in place of the IRS as the proper defendant. Then, of relevance here, on May 30, 2007, the United States filed a counterclaim against Johnson, seeking a judgment for the unpaid balance of the TFRP Assessments. *See* ECF 22.

The government moved for summary judgment against Johnson. ECF 70. Judge Legg granted summary judgment to the government and, as indicated, entered a judgment against Johnson in the amount of $1,005,906.01. *See* ECF 74 at 9-10; *see also* ECF 75 (Order). On February 22, 2010, the United States obtained a judgment lien by filing an "abstract of the judgment" with the Circuit Court for Wicomico County, Maryland. ECF 78-1 (abstract of the judgment). A federal tax lien creates a "legal claim against all [of Johnson's] current and future property, such as a house or car, and rights to property, such as wages and bank accounts." THE IRS COLLECTION PROCESS, PUBLICATION 594 at 4-5 (*cited in* Johnson's Reply, ECF 95 at 1).

On July 19, 2010, the United States filed an Application for Writs of Garnishment and Notice of Garnishment to Judgment Debtor (ECF 78), seeking, *inter alia*, permission to garnish Johnson's wages. ECF 78, ¶ 7. By Memorandum Opinion (ECF 89) and Order (ECF 90) of October 28, 2010, Judge Legg ordered, *inter alia*, Johnson's employer to withhold "10% of Johnson's net weekly salary from each paycheck and, within 10 business days, [the employer]

---

[2] In Johnson's Amended Complaint (ECF 15), he alleged, *inter alia*, that he "did not make the decision to NOT pay the payroll taxes. That decision was made by [his] supervisor, who was the Chief Financial Officer and also a majority shareholder [in ISSI], Mr. Philip Wright." ECF 15 at 3, ¶ 3 (capitals letters used in original). Although Wright is named in the caption to this litigation, the Motion does not seek relief as to Wright.

shall pay over the withheld sum to the United States on a continuing basis until the garnishment terminates in accordance with 28 U.S.C. § 3205(c)(10)."[3]

Judge Legg closed the case in 2010. *See* Docket. Then, on February 26, 2018, Johnson filed the Motion (ECF 92), which is at issue here.[4] In the Motion, Johnson asserts that the "IRS started collecting monies from [him] in 2003." ECF 92 at 1. And, as noted, he complains that he "is in the sixteenth (16th) year of having his wages garnished, 1040 refunds seized and/or tax liens on his personal credit report and personal residence." *Id.* Johnson avers that in "October of 2017, [he] was in discussions with the IRS Taxpayer Advocate Service in Baltimore, regarding the conclusion of the ten (10) year Statute of Limitations [by which] the IRS can collect unpaid taxes. The Taxpayer Advocate Service advised [Johnson] that the DOJ had added an additional twenty (20) years to collect and garnish [Johnson's] wages." *Id.* at 2. Based on this, Johnson asserts that "the DOJ unilaterally imposed the additional twenty (20) years sometime in 2012."

**Discussion**

Under 26 U.S.C. § 6502(a)(1), federal tax assessments may be collected through a levy or a court proceeding so long as the collection process is started within "10 years after the assessment of the tax[.]" Section 6502(a) also states: "If a timely proceeding in court for the collection of a tax is commenced, the period during which such tax may be collected by levy

---

[3] Under 28 U.S.C. § 3205(c)(10), a garnishment "is terminated only by — (A) a court order quashing the writ of garnishment; (B) exhaustion of property in the possession, custody, or control of the garnishee . . . ; or (C) satisfaction of the debt with respect to which the writ is issued." The government observes that the garnishment was in place from 2010 to 2012, when Johnson "switched employers, terminating the garnishment." ECF 94 at 2 n.1.

[4] I directed the Clerk to reopen the case, in order to consider the Motion.

shall be extended and shall not expire until the liability for the tax (or a judgment against the taxpayer arising from such liability) is satisfied or becomes unenforceable."

As noted, the United Sates complied by filing a counterclaim in this case in 2007 to collect the monies owed by Johnson. *See Blackston v. United States*, 778 F. Supp. 244, 249 (D. Md. 1991) ("The Counterclaim is, in effect, a collection suit"); *see also In re Mende*, 11-60806, 2011 WL 6961918, at *2 (S.D. Fla. Dec. 15, 2011) ("The IRS . . . initiated the proceeding to collect [the] taxes . . . when it filed its Counterclaim."); *Hines v. United States*, 658 F. Supp. 2d 139, 147 (D.D.C. 2009) (finding that a counterclaim seeking a judgment for unpaid tax liabilities was "timely filed" under 26 U.S.C. § 6502(a)). Given the government's timely filing of a collection proceeding, limitations has been extended until the liabilities are satisfied or become unenforceable. *See* 26 U.S.C. § 6502(a). Because the United States initiated a collection proceeding prior to the expiration of the statute of limitations, limitations is extended to collect Johnson's unpaid liabilities.

The Fair Debt Collection Procedure Act ("FDCPA"), codified at 28 U.S.C. §§ 3001, *et seq.*, "provides the exclusive civil procedures for the United States — (1) to recover a judgment on a debt[.]" *See* 28 U.S.C. § 3001(a)(1). Under 28 U.S.C. § 3201(a), a judgment lien arises after an "abstract of the judgment" is filed, and it applies to the debtor's real property. Notably, a federal tax lien must be filed in the manner prescribed by State law. 26 U.S.C. § 6323(f)(1). Under Maryland law, the clerk of the circuit court of the county in which the real property is located is the proper person with whom to file notice of a federal lien. *See* Md. Code (2015 Repl. Vol., 2017 Supp.), § 3-401(a) of the Real Property Article ("R.P.").

A judgment lien is effective for twenty years, and can be renewed for an additional twenty years. *See* 28 U.S.C. §§ 3201(c)(1), (2); *see also United States v. LaRosa*, DKC-96-980, 2017 WL 4418418, at *1 (D. Md. Oct. 5, 2017) (quoting 28 U.S.C. §§ 3201(a), (c)(1), (c)(2)) ("[T]he judgment in this case, when appropriately filed, 'create[d] a lien on all real property of' Defendants. The lien is effective for 20 years and can be renewed for 'one additional period of 20 years' if the 'the notice of renewal is filed before the expiration of the 20-year period' and 'the court approves the renewal of such lien[.]'").

As noted, the TFRP Assessments were lodged against Johnson on May 19, 2003. *See* ECF 74 at 5. Therefore, pursuant to 26 U.S.C. § 6502(a)(1), the United States was required to initiate a levy or a court proceeding against Johnson by May 19, 2013. Here, the United States initiated a collection suit against Johnson on May 30, 2007. *See* ECF 22. Therefore, the United States timely lodged its court proceeding within the ten-year limitations period established by 26 U.S.C. § 6502(a)(1).

Moreover, on February 22, 2010, the United States filed an abstract of the judgment with the Circuit Court for Wicomico County (ECF 78-1), creating a judgment lien pursuant to 28 U.S.C. § 3201(a), 26 U.S.C. § 6323(f)(1), and R.P. § 3-401(a). Under 28 U.S.C. § 3201(c)(1), the judgment lien is effective until February 22, 2030. And, pursuant to 28 U.S.C. § 3201(c)(2), the United States may file an application for renewal of the judgment lien against Johnson.

## Conclusion

For the foregoing reasons, I conclude that the United States has complied with the relevant statutes of limitations. Accordingly, I shall deny the Motion.

An Order follows.

Date: May 14, 2018                                         /s/
                                                Ellen Lipton Hollander
                                                United States District Judge